NOT DESIGNATED FOR PUBLICATION

No. 118,788

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TIMOTHY CAMERON,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Graham District Court; PRESTON PRATT, judge. Opinion filed November 16, 2018.
Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: In this appeal of the suspension of his driving privileges, Timothy Cameron makes two arguments. First, he contends the Kansas implied consent law is facially unconstitutional. Second, he claims the DC-70 form read to him and then handed to him when he was arrested was also unconstitutional and did not substantially comply with the statutes. Adopting the reasoning of several other panels of this court, we hold the statute is not unconstitutional and the notice he received substantially complied with the law. Finding no reason to reverse, we affirm the district court's affirmance of the Department of Revenue's suspension of Cameron's driving license.

1

The record reveals that Cameron was involved in a hit-and-run accident. He admitted later that he was involved in the accident, but left the scene because he was scared.

Cameron showed several indications of being under the influence of alcohol or drugs. There was an odor of alcohol on his person, his speech was slurred, and his eyes were bloodshot. Cameron had trouble communicating and displayed poor balance and coordination. He also admitted drinking two glasses of wine. The officers requested a preliminary breath test, which Cameron failed. Suspecting he was intoxicated, the police arrested Cameron and gave him oral and written notices as required by K.S.A. 2016 Supp. 8-1001(k). The officers later obtained a blood test. The test showed Cameron's blood-alcohol content was 0.12. Since his blood-alcohol level exceeded the legal limit, these test results triggered the administrative process to suspend his driving license.

After receiving in the mail a certification and notice of suspension—form DC-27—Cameron asked for an administrative hearing. At that hearing, an administrative hearing officer affirmed the Department's suspension of Cameron's driving privileges. Cameron petitioned the district court to review his suspension.

In district court, the parties stipulated to the facts and asked the court to decide the matter based on written briefs and the stipulations. In due course, the court approved the license suspension after finding that Cameron failed to meet his burden to show that the agency's action should be set aside.

To us, Cameron argues that the Kansas implied consent law is facially unconstitutional and his arresting officers did not—and essentially could not—substantially comply with the notice requirements under the law. He asks us to vacate the administrative suspension of his driving privileges.

We note that Cameron does not argue for the suppression of his breath or blood test results, nor does he argue that the evidence was insufficient to suspend his driving privileges. He simply argues that because the officers did not give him warnings of the implied consent law as written in the statutes in effect at the time, and could not have done so because portions of those statutes were unconstitutional, his license suspension must be vacated. We look first at the notices given to Cameron.

*The notices Cameron received substantially complied with the statute.*

This issue centers on the effects from two Kansas Supreme Court opinions. First, the court in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) *aff'd on reh'g*, 306 Kan. 682, 396 P.3d 711 (2017), held that K.S.A. 2014 Supp. 8-1025, a law which made it a crime to refuse to submit to a test to determine the presence of alcohol or drugs, violated a suspect's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and § 15 of the Kansas Constitution Bill of Rights. 303 Kan. at 963. The court therefore struck down the statute by ruling it unconstitutional.

The second case, *State v. Nece*, 303 Kan. 888, 367 P. 3d 1260 (2016), *aff'd on reh'g*, 306 Kan. 679, 396 P.3d 709 (2017), focused on the consent to breath-alcohol testing obtained from drivers by operation of K.S.A. 2014 Supp. 8-1025. The court held that a suspect's consent to a breath-alcohol search given after an officer provided notice that a refusal could result in a separate criminal charge was improperly coerced. Thus, such coerced consent could not meet the Fourth Amendment standard of being freely and voluntarily given. 303 Kan. at 896-97.

From these two decisions, Cameron asks us to engage in folly. He now argues the notices given to drivers as required by K.S.A. 2016 Supp. 8-1001(k) must still contain warnings for an unconstitutional law. He claims that the notice given to him, the substitute DC-70 advisory form, created after *Ryce* and *Nece* did not contain all the

advisories listed in the statutes in effect at the time of his arrest. Thus, the officers failed to give him the statutory notice to which he was entitled. Cameron argues that his license suspension must be vacated. We are not so persuaded.

Several reasons lead us to believe otherwise. First, our courts have looked at implied consent notices before. They need not be in the exact words of the statutes. Substantial compliance with statutory notice provisions will usually be sufficient. To substantially comply with the statute, a notice must be enough to advise the party to whom it is directed of the essentials of the statute. *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988).

We are persuaded that the notices given here substantially complied with the statute. The substituted DC-70 told Cameron that he had to submit to testing; that he had no constitutional right to consult with an attorney about whether to submit to testing; and, a refusal to submit to testing would result in a suspension of driving privileges for one year. This information is consistent with the essentials in K.S.A. 2016 Supp. 8-1001(k).

To us, Cameron argues the implied consent notices must include the two paragraphs telling him that the opportunity to consent to or refuse a test was not a constitutional right, and that refusal to submit to testing may result in an additional criminal charge. Because the substituted DC-70 form did not have those warnings, in his view, it did not comply with the statute. We want to make it clear that he does not claim that the officers misstated or omitted paragraphs from the substituted DC-70. In other words, the officer's only mistake was in not telling Cameron about two provisions of the law that did not apply.

They did not apply because the two parts of the law requiring those advisories were held unconstitutional earlier that year. See *Ryce*, 303 Kan. at 963; *Nece*, 303 Kan. at 896-97. We fail to see how those unconstitutional provisions would apply to Cameron

4

and we note that he does not argue they did apply to him. Indeed because that law was unconstitutional, those warnings apply to no one.

Cameron's argument is one of form over substance. Previously, when dealing with an omission of a paragraph while reading a DC-70 advisory form to a driver, this court has found no error in failing to read a paragraph because the omitted paragraph did not apply to the driver in any way. See *State v. Kaiser*, No. 102,845, 2010 WL 3853206, at *2 (Kan. App. 2010) (unpublished opinion). Common sense tells us that we need not require officers to perform useless acts. Since the paragraphs omitted in the substituted form here did not apply to Cameron, their omission from either being read to him or printed in the form cannot be error.

Taking a slightly different tack, Cameron claims the Department amended the DC-70 unilaterally and with no legal or statutory authority because *Ryce* and *Nece* were not final when the Department did so. But Cameron fails to acknowledge or address the fact that the implied consent notices the officers gave to him were issued by the Office of the Attorney General to replace the DC-70 on the day *Ryce* and *Nece* were issued. He does not claim that the Kansas Attorney General did not have the legal or statutory authority to amend or alter the form. An issue not briefed by the appellant is considered waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

The implied consent notices given to Cameron through the substituted DC-70 advising him that he may lose his driving privileges for refusing to submit to testing were accurate. These same advisories informed Cameron about the essentials of the statutes that applied to him, and thus substantially complied with the implied consent notices required by K.S.A. 2016 Supp. 8-1001(k). We find no error on this point.

5

*The Ryce and Nece rulings do not render the Kansas implied consent law unconstitutional.*

Using unclear logic, Cameron argues that somehow the law continues to require that all the implied consent warnings must still contain the language held unconstitutional. This interpretation places law enforcement officers in a dilemma. They must either give warnings that are unconstitutional or violate the statute by failing to give the warnings. The Department contends that the severability clause in the Act saves the law. See K.S.A. 8-1007. We agree with the Department.

Cameron's argument here is like his first. He claims the warnings in the substitute DC-70 form eliminated the provisions found unconstitutionally coercive in *Ryce* and *Nece*, but were not the advisories mandated by statute. He concludes that on one hand, the failure to give all the statutorily mandated advisories is in direct violation of the statute, and on the other hand, giving the statutorily mandated advisories constitutes an unconstitutional coercion of consent under *Ryce* and *Nece*. A motorist may be charged and convicted of DUI based on evidence that the motorist's blood-alcohol concentration is .08 or more or if the motorist is "under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle." K.S.A. 2016 Supp. 8-1567(a)(1) and (3). Based on Cameron's argument, a driver can never be capable of consenting to a breath or blood test under any circumstances, and an officer may not administer tests under any circumstances, even if the driver wishes to undergo the test to show their sobriety.

When it enacted the Kansas implied consent law, the Legislature provided a severability clause which stated that if provisions of the implied consent law are rendered unconstitutional, the remaining provisions of the law should be enforced. K.S.A. 8-1007 states whatever remains of the Act should be enforced:

6

"This act shall be construed as supplemental to existing legislation; and if any clause, paragraph, subsection or section of this act shall be held invalid or unconstitutional, it shall be conclusively presumed that the legislature would have enacted the remainder of this act without such invalid or unconstitutional clause, paragraph, subsection or section."

In accordance with this provision of statute, the Kansas Attorney General modified the DC-70 to delete the unconstitutional provisions. This ability to modify is shown in *State v. Limon*, 280 Kan. 275, 304, 122 P.3d 22 (2005), when the court held that the enactment of a severability clause in a statute or series of statutes evidences the intent of the Legislature that if some portion or phrase in the statute is unconstitutional, the balance will be considered valid. Here, the Legislature expressed its intent that if a portion of the Kansas implied consent law was found to be unconstitutional, the remaining provisions of the statute survive. The substituted DC-70 is evidence of that fact.

By deleting the unconstitutionally coercive provisions from the original DC-70 advisory, the officers who arrested Cameron have substantially complied with the Kansas implied consent law. In the wake of *Ryce* and *Nece,* interpreting the various provisions of the Kansas implied consent law in this way brings the statute into a workable harmony. See *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1123, 307 P. 3d 1255 (2013). Substantial compliance did not require the officers to misadvise Cameron of the possible adverse consequences of withdrawing his consent to testing. To interpret the statute as Cameron would have us do would create an unreasonable or absurd result. See *Milano's Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 501, 293 P.3d 707 (2013). When we view the statute in this light, we see no inherent contradiction within the Kansas implied consent law that renders it facially unconstitutional.

The district court did not err in finding that Cameron failed to meet his burden to show the agency's decision should be set aside. The court properly affirmed the suspension of his driving privileges.

Affirmed.